UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-373 |
| KEWAYNE MORGAN | SECTION "R" (3) |

## ORDER AND REASONS

Kewayne Morgan moves for compassionate release.[1] The Government opposes the motion.[2] Because Morgan has not shown that he meets the requirements for compassionate release, the Court denies the motion.

### I.    BACKGROUND

On October 20, 2010, Morgan pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[3] According to the factual basis Morgan signed, the Government would have been able to prove that he and co-conspirators distributed "more than 150 but less than 500 grams of cocaine

---

1   *See* R. Doc. 469.
2   *See* R. Doc. 471.
3   *See* R. Doc. 195; R. Doc. 1.

base, approximately two kilograms of marijuana, approximately 250 grams of cocaine hydrochloride, and a negligible amount of heroin."[4] In addition, Morgan pleaded guilty to a charge in a separate bill of information, which established that he had a prior felony conviction under 21 U.S.C. § 851.[5]

The Court initially sentenced Morgan to 300 months' imprisonment, to be followed by 10 years of supervised release.[6] Following passage of the Fair Sentencing Act (FSA), Pub. L. 111-220, 124 Stat. 2372 (2010), the Court found that Morgan's case merited resentencing.[7] The Court amended its judgment and resentenced Morgan to 180 months' imprisonment, to be followed by 8 years of supervised release.[8] Morgan is incarcerated at Yazoo City Medium FCI and has a projected release date of July 24, 2022.[9]

## II. DISCUSSION

### A. Exhaustion

Before a federal court will assess the merits of a compassionate release, defendants must show they have "fully exhausted all administrative rights to

---

[4]   See R. Doc. 196 at 6.
[5]   See R. Doc. 192.
[6]   See R. Doc. 260 at 2.
[7]   See R. Doc. 410.
[8]   See R. Doc. 435.
[9]   See Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited September 8, 2020).

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. 2020 Sept. 3, 2020).

Morgan sent a request for compassionate release to the warden of Yazoo City FCI Medium first on June 11, 2020,[10] and again on July 9, 2020.[11] Nothing in the record reflects that the warden responded to either request. Since more than 30 days have passed since defendant requested compassionate release from the warden, the Court finds that Morgan satisfied the exhaustion requirement. The Court proceeds to the merits of Morgan's motion.

### B. Extraordinary and Compelling Reasons

Morgan does not satisfy any of the other requirements for compassionate release. Courts grant compassionate release only when (1) "extraordinary and compelling reasons warrant such a reduction," and (2)

---

[10]   R. Doc. 472-1 at 2.
[11]   *Id.* at 6.

"such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The application notes identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances" that increase one's caregiving responsibilities. *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

      Here, Morgan does not demonstrate that any of the above criteria apply to him. He cites no health condition, he is 39 years old,[12] and he does not cite relevant family circumstances. The heart of Morgan's claim is a generalized fear of COVID-19.[13] But generalized fear of the virus does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g.*, *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the

---

[12]    *See* R. Doc 469 at 2.
[13]    *See* R. Doc. 472 at 2.

4

possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release.").

Additionally, the Court does not find the Section 3553(a) factors support a reduction in Morgan's sentence. When determining whether to modify a sentencing under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. 18 U.S.C. § 3553(a)(2)(A). Morgan is convicted of serious drug and firearms offenses. The Court finds that a reduced sentence would not reflect the seriousness of the offense in Morgan's case.

Finally, Morgan captions his motion in part as a motion to "correct sentencing error."[14] As the Government notes, there is no error in Morgan's sentence.[15] Morgan's conspiracy and firearm convictions carry a 15-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B) (providing a minimum sentence of ten years); 21 U.S.C. § 924(c) (providing a five-year

---

[14]     *See* R. Doc. 469.
[15]     *See* R. Doc. 471 at 3.

5

minimum sentence to be served consecutively to all other sentences). As such, Morgan's 180-month sentence is proper.

For the foregoing reasons, the Court DENIES the motion.

New Orleans, Louisiana, this <u>18th</u> day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE